UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN WOOLLEY,
an individual,                                                                              Case No.:

         Plaintiff,

v.

REGIONS BANK,
a foreign for-profit corporation, and
INTEGRITY SOLUTION SERVICES, INC.,
a foreign for-profit corporation,

         Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, ROBIN WOOLLEY (hereinafter, "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendants, REGIONS BANK (hereinafter, "RB") and INTEGRITY SOLUTION SERVICES, INC. (hereinafter, "ISS") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), 15 United States Code, Section 1692a, *et seq.* (hereinafter, "FDCPA"), the Telephone Communication Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367. Declaratory relief is available pursuant to 28

1

United States Code, Sections 2201 and 2202.

2. Venue in this District is proper because Defendants transacts business in this District and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(3).

5. Defendant RB is a foreign for-profit corporation existing under the laws of the State of Alabama, that, itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

6. Defendant ISS is a foreign for-profit corporation existing under the laws of the State of Missouri, that, itself and through its subsidiaries, regularly attempts to collect debts due—or allegedly due—to another from consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. At all material times herein, Defendant RB is a "creditor" as defined by Florida Statutes, Section 559.55(3).

8. At all material times herein, Defendant ISS is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6).

9. Defendant ISS used interstate mail while engaging in a business, the principal purpose of which is the collection of debts allegedly due another.

10. Defendant ISS is an entity who regularly collects, or attempts to collect—directly or indirectly—debts owed or due, or asserted to be owed or due to another from consumers in Pinellas County, Florida.

11. At all material times herein, Defendants attempt to collect an alleged balance due to Regions Bank for a line of credit, referenced by Defendant Region's account number ending in -3091 (hereinafter, "Debt").

12. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and is incurred primarily for personal, household, or family use.

13. At all material times herein, the Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

14. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

15. At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

16. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

17. Defendant RB's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 727.641.8408 (hereinafter, "Cellular Telephone") using an

3

automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

18. Plaintiff is the owner, regular user, and possessor of a cellular telephone with the assigned number 727.641.8408.

19. Plaintiff is the owner, regular user, and possessor of a home telephone with the assigned number 727.446.8639 (hereinafter, "Home Telephone").

20. On or about November 7, 2013, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter "Undersigned Counsel") for representation with regards to her debts generally, including the Debt.

21. At no time herein did Defendant RB have Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

22. Further, if Defendant RB contends it had such consent, such consent was revoked to make auto-dialed debt collection calls the moment Plaintiff advised Defendant RB of Undersigned Counsel's representation of her with regard to the Debt.

23. The below-referenced calls were all placed from telephone number 404.832.4404—unless specifically noted otherwise—and were made in an attempt to collect the Debt.

24. On or about December 15, 2013, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

25. During the immediately-aforementioned telephone call, Plaintiff spoke with one of Defendant RB's employees or representatives, at which time Plaintiff advised of Undersigned Counsel's representation of Plaintiff with regard to the Debt, provided Undersigned Counsel's contact information, advised of her intention to file for bankruptcy protection, advised that all

4

future communication with regard to the Debt be directed to Undersigned Counsel's office, and requested that Defendant RB cease communicating with Plaintiff on her Cellular Telephone.

26. Defendant RB's employee or representative, however, advised Plaintiff that Defendant RB would continue to call Plaintiff until Plaintiff provided Defendant RB with a bankruptcy case number.

27. On or about January 6, 2014 at approximately 9:40 a.m. EST, Defendant RB called Plaintiff's Home Telephone in an attempt to collect the Debt.

28. On or about January 6, 2014, at approximately 9:45 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone in an attempt to collect the Debt using an ATDS, a PTDS, or an APV.

29. Plaintiff returned the immediately-aforementioned call and spoke with Defendant RB's employee or representative "Angie." Plaintiff again advised Angie that she was represented by Undersigned Counsel with regard to the Debt, provided Undersigned Counsel's contact information, and again requested that Defendant RB cease communicating with Plaintiff in an attempt to collect the Debt.

30. On the immediately aforementioned call, Plaintiff also requested that such calls cease being placed to Plaintiff's Cellular Telephone.

31. On or about January 6, 2014 at approximately 8:53 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

32. On or about January 21, 2014 at approximately 8:56 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33. The immediately-aforementioned telephone call was placed from telephone number 800.289.6720 and was made in an attempt to collect the Debt.

34. On or about January 21, 2014 at approximately 9:10 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35. On or about January 21, 2014 at approximately 8:57 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

36. The immediately-aforementioned telephone call was placed from telephone number 800.289.6720 and was made in an attempt to collect the Debt.

37. On or about February 18, 2014 at approximately 6:56 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

38. The immediately-aforementioned telephone call was placed from telephone number 800.289.6720 and was made in an attempt to collect the Debt.

39. On or about March 4, 2014 at approximately 3:50 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

40. On or about March 12, 2014 at approximately 4:27 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

41. On or about March 18, 2014, at approximately 4:40 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

42. On or about April 22, 2014, at approximately 4:48 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

43. During the immediately-aforementioned call, Plaintiff spoke with Defendant RB's employee or representative "Diane." Plaintiff again advised Diane that she was represented by Undersigned Counsel with regard to the Debt, provided Undersigned Counsel's contact information, and again requested that Defendant RB cease communicating with Plaintiff on her Cellular Telephone.

44. Defendant RB's employee or representative, however, advised Plaintiff that Defendant RB would continue to call Plaintiff until Plaintiff provided Defendant RB with a bankruptcy case number.

45. On or about May 13, 2014, at approximately 5:21 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

46. On or about June 6, 2014, at approximately 12:13 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

47. On or about June 7, 2014, at approximately 11:21 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

48. The immediately-aforementioned call was placed from telephone number 800.289.6720 and was made in an attempt to collect the Debt.

49. On or about June 9, 2014, at approximately 3:33 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

50. On or about June 11, 2014, at approximately 1:13 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

51. On or about June 12, 2014, at approximately 12:32 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

52. On or about June 13, 2014, at approximately 9:57 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

53. On or about June 16, 2014, at approximately 2:09 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

54. On or about June 17, 2014, at approximately 4:05 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

55. On or about June 20, 2014, at approximately 10:15 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

56. On or about June 23, 2014, at approximately 5:12 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

57. On or about June 24, 2014, at approximately 5:24 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

58. On or about June 27, 2014, at approximately 8:30 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

59. On or about June 30, 2014, at approximately 4:43 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

60. On or before July 1, 2014, Defendant RB turned the Debt over to Defendant ISS for collection from Plaintiff.

61. When Defendant RB turned the Debt over to Defendant ISS, Defendant RB advised Defendant ISS of Undersigned Counsel's representation of Plaintiff with regard to the Debt and provided Defendant ISS with Undersigned Counsel's contact information.

62. On or about July 1, 2014, Defendant ISS, on behalf of Defendant RB—and with its consent, knowledge, and approval—sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "A."

63. On or about July 9, 2014, at approximately 8:58 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

64. On or about July 10, 2014, at approximately 12:34 p.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

65. On or about July 11, 2014, at approximately 10:18 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

66. On or about July 12, 2014, at approximately 10:50 a.m. EST, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

67. The immediately-aforementioned call was placed from telephone number 800.289.6720 and was made in an attempt to collect the Debt.

68. On or about July 15, 2014, Undersigned Counsel sent Defendant RB a facsimile transmission, which again gave Defendant RB actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, again provided Undersigned Counsel's contact information, again advised that all future communication with regard to the Debt be directed to Undersigned Counsel's office, and explicitly advised that any prior express consent to call Plaintiff's Cellular Telephone was therein revoked and Defendant RB should cease communicating with Plaintiff on her Cellular Telephone (hereinafter, "Fax of Representation"). Please see attached a true and correct copy of said Fax of Representation labeled as Exhibit "B1-B2."

69. On or about July 21, 2014, Defendant RB called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

70. During the immediately-aforementioned call, Plaintiff spoke with Defendant RB's employee or representative "Kristy." Plaintiff advised Kristy that she was represented by Undersigned Counsel with regard to the Debt, provided Undersigned Counsel's contact information, and again requested that Defendant RB cease communicating with Plaintiff on her Cellular Telephone.

71. Defendant RB's employee or representative, however, advised that Plaintiff was

listed on Defendant RB's automatic dialing system and that Defendant RB would continue to call Plaintiff until Plaintiff provided Defendant RB with a bankruptcy case number.

72.  Defendant RB advised Plaintiff the calls would continue because the calls are placed through an automated computer system.

73.  Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

74.  Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, the FDCPA, and the TCPA.  Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

75.  Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against each Defendant per independent, temporally-displaced violation, plus actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

76.  United States Code, Title 15, Section 1692k provides for the award against Defendant ISS of up to $1,000.00 statutory damages, actual damages, costs, and an award of attorney's fees to Plaintiff, should Plaintiff prevail in this matter against Defendant ISS.

77.  United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in

violation of the TCPA or the regulations proscribed thereunder.

78. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

79. At all times herein, it would have been possible for Defendant RB to avoid violating the terms of the TCPA.

80. Based upon the aforementioned allegations, Plaintiff believes that Defendant RB's telephone calls made to Plaintiff's Cellular Telephone using an automatic dialing system or an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

81. As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

82. Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

83. On or about December 15, 2013, Defendant RB received actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt from Plaintiff.

84. Despite having the above-referenced knowledge, Defendant RB placed *at least* thirty (30) independent, temporally displaced telephone calls to and indirectly sent Plaintiff *at least* one (1) collection letter in its attempts to collect the Debt.

85. Further, Defendant ISS also communicated with Plaintiff via letter after having knowledge Plaintiff was represented by counsel with regard to the Debt.

86. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

87. Defendant ISS is subject to, and has violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating with Plaintiff despite Defendant ISS having knowledge that Plaintiff was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

88. Defendant ISS possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt and possessed actual knowledge of Undersigned Counsel's contact information.

89. Defendant RB advised Defendant ISS of Undersigned Counsel's representation of Plaintiff with regard to the Debt and provided Undersigned Counsel's contact information when Defendant RB turned the Debt over to Defendant ISS for servicing, collection, or both.

90. Despite possessing the above-referenced knowledge, Defendant ISS sent Plaintiff *at least* one (1) collection letter in its attempts to collect the Debt.

91. As such, Defendant ISS communicated with Plaintiff despite possessing actual knowledge that Plaintiff was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

92. As a direct and proximate result of Defendant ISS's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

93. Defendant RB is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a Cellular Telephone service without Plaintiff's prior express consent.

94. At no time herein did Defendant RB have Plaintiff's prior express consent to call Plaintiff on her Cellular Telephone.

95. Further, if Defendant RB contends it did have such consent, such consent was revoked when Plaintiff advised Defendant RB of Undersigned Counsel's representation of Plaintiff with regard to the Debt, provided Undersigned Counsel's contact information and requested that all future communication with regard to the Debt be directed to Undersigned Counsel's office.

96. Further, Plaintiff requested that Defendant RB stop calling Plaintiff on her Cellular Telephone and explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

13

97. Despite lacking Plaintiff's prior express consent, for the reasons stated above, Defendant RB placed *at least* thirty (30) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

98. The telephone calls made by Defendant RB, complained of herein, are the result of a repeated, willful, and knowing violation of the TCPA.

99. Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant RB from further violations of the TCPA.

100. As a direct and proximate result of Defendant RB's conduct, Plaintiff has suffered:

   a. The periodic loss of her Cellular Telephone service;

   b. Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract.

   c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

   d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

   e. Statutory damages.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) and ninety-three (93) through one hundred (100) as if fully restated herein and further states as follows:

101. The conduct of the Defendant RB, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

102. More specifically, as prior express consent never existed prior to Defendant RB's placement of calls to Plaintiff's Cellular Telephone, and Defendant RB is fully aware of the TCPA and its restrictions, Defendant RB's calls constitute numerous and multiple knowing and willful violations of the TCPA.

103. Further, any consent was revoked when Plaintiff advised Defendant RB of Undersigned Counsel's representation of Plaintiff with regard to the Debt, requested that all future communication with regard to the Debt be directed to Undersigned Counsel's office, and requested that Defendant RB stop calling Plaintiff on her Cellular Telephone.

104. As a result of Defendant RB's knowing and willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation, as alleged above, pursuant to 47 United States Code, Section 227(b)(3)(B) and 47 United States Code, Section 227(b)(3)(C).

105. Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant RB from further violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests against Defendants entry of:

    a.    Judgment against Defendants declaring that the Defendants violated the FCCPA;

    b.    Judgment against Defendant RB declaring that Defendant RB the TCPA;

  c. Judgment against Defendants for maximum statutory damages under the FCCPA;

  d. Judgment against Defendant ISS for maximum statutory damages under the FDCPA;

  e. Judgment against Defendant RB for statutory damages in the amount of $500.00 for each of Defendant RB's telephone calls that violated the TCPA;

  f. Judgment against Defendant RB for treble damages in the amount of $1,500.00 for each telephone call that violated the TCPA for which Defendant RB acted knowingly and willfully;

  g. Judgment against Defendants for actual damages suffered by Plaintiff in an amount to be determined at trial;

  h. Judgment against Defendants for declaratory and injunctive relief prohibiting Defendant from further engaging in the conduct that violates the FCCPA and the TCPA;

  i. An award of attorneys' fees and costs; and

  j. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

            Respectfully submitted,
            **LEAVENLAW**

        /s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*